IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT W. REDDING, JR., #248183, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIV. ACT. NO. 1:25-cv-367-TFM-B ) |
| BRANDON MCKENZIE, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On October 22, 2025, the Magistrate Judge entered a report and recommendation which recommends the Plaintiff's request for a temporary restraining order ("TRO") be denied. *See* Doc. 10. No objections were filed and the time frame has passed.

In addition to the reasons provided by the Magistrate Judge, the Court notes a simpler reason the request for a TRO fails. His request for a temporary restraining order falls short of meeting the prerequisites for the exceptional remedy of a temporary restraining order. There is no affidavit in support of his allegations as required by Fed. R. Civ. P. 65(b)(1)(A).

A temporary restraining order ("TRO") may only be granted without notice if

(A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B)  the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). *Ex parte* relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable

notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974).

His original complaint is filed on the Court supplied form (which the Court does require for prisoner *pro se* cases), and at the end is signed under an affirmation. *See* Doc. 1. The TRO itself is merely a short letter received several weeks later and mostly relates to the filing fee before a brief reference to retaliation and a single line indicating a TRO can be ordered. Thus, even if considered a Verified Complaint for the original complaint, he still fails in his request for a TRO because he does not submit a certification required under Fed. R. Civ. P. 65(b)(1)(B). The Court need not even delve into the merits given this technical failure. Regardless, the Court still does agree with the analysis provided by the Magistrate Judge and provides this solely as a supplement and notice to the Plaintiff about what is also required technically for any TRO request.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED** and the request for a temporary restraining order (Doc. 6) is **DENIED**.

This case is **REFERRED BACK** to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this 11th day of December, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE